UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTIME FRANCOIS and
RENETTE ORDEUS, on behalf
of themselves and all others
similarly situated,

       Plaintiffs,

v.                                         Case No. 8:16-cv-1061-T-24 TBM

GULF COAST TRANSPORTATION,
INC.,

       Defendant.
_____/

## **ORDER**

This cause comes before the Court due to the named plaintiffs' *pro se* status and expiration of deadlines.

## **I. Background**

Plaintiffs Estime Francois and Renette Ordeus allege that they were formerly employed by Defendant Gulf Coast Transportation, Inc. as taxicab drivers and that Defendant misclassified them (and all other taxicab drivers) as independent contractors. As a result, Plaintiffs contend that due to Defendant's willful misclassification of them as independent contractors, Defendant did not pay taxicab drivers any wages at all, in violation of the minimum wage requirements of the Fair Labor Standards Act ("FLSA"). Plaintiffs intend to bring their FLSA claim as a collective action.

Additionally, Plaintiffs contend that the misclassification of them as independent contractors resulted in substantial cost savings to Defendant (due to its not having to pay employment taxes) and gave Defendant an unfair competitive advantage as a taxicab company.

Therefore, Plaintiffs contend that Defendant violated Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). Plaintiffs intend to bring their FDUTPA claim as a class action.

Third, Plaintiff Francois, individually, asserted a conversion claim under Florida common law due to Defendant's failure to return his taxicab bond money that he had paid. However, the Court dismissed this claim. (Doc. No. 40).

On September 6, 2016, Plaintiffs' counsel filed a motion to withdraw as counsel, which the Court granted. (Doc. No. 55, 56). The Court gave Plaintiffs until September 30, 2016 to file a notice of appearance of new counsel, or else the Court would consider them to be proceeding *pro se*. To date, a notice of appearance of new counsel has not been filed. As such, the Court considers Plaintiffs to be proceeding *pro se* in this matter.

**II.  Effect of Plaintiffs' *Pro Se* Status and Expiration of Deadlines**

Plaintiffs' *pro se* status and the expiration of certain deadlines affects the posture of this case, as explained below.

**A.  Plaintiffs' FLSA Claim**

As previously stated, Plaintiffs intend to bring their FLSA claim as a collective action. After the filing of the complaint, nine other taxicab drivers filed notices of their intent to opt-in to the proposed FLSA collective action.[1] Plaintiffs, while represented by counsel, moved for conditional certification of their FLSA claim, and the Court denied that motion without prejudice. (Doc. No. 41). Specifically, the Court concluded that the proposed class of Florida taxicab drivers were not similarly situated. The Court stated, however, that Plaintiffs could

---

[1]The nine opt-in plaintiffs are: Lifrants Charles, Franklin Joseph, Loumeste Fleurine, Rousseau Fleurinal, Murat Limage, Ronald Louissaint, Dieune Refuse, Roger St. Juste, and Kermez St. Louis.

narrow their proposed class and move again for conditional certification, and the Court would reconsider its ruling.

In response, Plaintiffs asked the Court to give them until August 30, 2016 to file an amended complaint and an amended motion for conditional certification of their FLSA claim. (Doc. No. 47). The Court granted the requested extension. (Doc. No. 48). Thereafter, Plaintiffs' counsel requested an additional 30-day extension because they had intended to file a motion to withdraw as counsel. (Doc. No. 53). The Court granted this additional extension and extended the deadline to September 30, 2016. (Doc. No. 54).

On September 6, 2016, Plaintiffs' counsel filed a motion to withdraw as counsel, which the Court granted. (Doc. No. 55, 56). The Court reiterated that Plaintiffs' deadline for filing an amended complaint and an amended motion for conditional certification remained September 30, 2016. (Doc. No. 56). To date, an amended motion for conditional certification has not been filed.

On September 28, 2016, Plaintiff Francois filed a document, in which he states: "Plaintiff Francois, individually file [sic] a compliant [sic] and an amended motion for consideration certification . . . ." (Doc. No. 57). It is unclear whether Plaintiff Francois believes that this document is a complaint and an amended motion for conditional certification or whether he intends to file such documents. Either way, the assertion is unsuccessful. The Court will not deem the document to be a complaint and/or an amended motion for conditional certification, and the time for filing such documents has passed.

Likewise, opt-in plaintiff Dieune Refuse has filed a motion for a 30-day extension of time to obtain an attorney. (Doc. No. 58). Upon consideration, the Court denies this motion, as

Plaintiffs have been given sufficient time to find an attorney, and as such, they are now considered to be proceeding *pro se* in this matter.

Given the above, the state of Plaintiffs' FLSA claim is that it cannot now be brought as a collective action, because the September 30, 2016 deadline for filing an amended motion for conditional certification has passed. As such, all of the opt-in plaintiffs will be dismissed without prejudice. See McGlathery v. Lincare, Inc., 2014 WL 1338610, at *3 (M.D. Fla. April 3, 2014); Quijano v. Tuffy Associates Corp., 2014 WL 4182691, at *1 (M.D. Fla. Aug. 21, 2014); Heidbrink v. Thinkdirect Marketing Group, Inc., 2015 WL 7253010, at *1 (M.D. Fla. Nov. 17, 2015); Daza v. Total Quality Logistics, LLC, 2015 WL 5758164, at *2 (M.D. Fla. Sept. 29, 2015). If the opt-in plaintiffs wish to assert an FLSA claim, they must file a lawsuit on their own behalf. Even if the deadline for filing an amended motion for conditional certification had not passed, *pro se* plaintiffs cannot prosecute a collective action. See Davis v. Johnson, 2016 WL 3349343, at *1 (N.D. Ga. June 15, 2016); Koch v. CHS, Inc., 2012 WL 6093891, at *2 (D. Idaho Dec. 7, 2012); Morgovsky v. Adbrite, Inc., 2012 WL 1595105, at *4 (N.D. Cal. May 4, 2012); Spivey v. Sprint/United Management Co., 2004 WL 3048840 (D. Kan. Dec. 30, 2004).

**B.  Plaintiffs' Motion for Class Certification**

Plaintiffs intend to bring their FDUTPA claim as a class action, and they have filed a motion for class certification. (Doc. No. 29). However, Plaintiffs are now proceeding *pro se*, and *pro se* plaintiffs cannot prosecute class action claims. See Johnson v. Brown, 581 Fed. Appx. 777, 781 (11th Cir. 2014); Martin v. Roberts, 2008 WL 4185993 (M.D. Ga. Sept 8, 2008), *adopting* 2008 WL 4185994 (M.D. Ga. May 19, 2008); Reese v. Marshall, 2009 WL 1311603, at *1 (M.D. Ala. May 11, 2009); Andrews v. Department of Corrections, 2014 WL 28799, at *1

(N.D. Fla. Jan. 2, 2014); Crawley v. Paskert-Johnson Co., 2008 WL 4793650, at *2 (M.D. Fla. Nov. 3, 2008). Accordingly, the Court denies Plaintiffs' motion for class certification.

### C. Plaintiff Francois' Conversion Claim

The Court previously dismissed Plaintiff Francois' conversion claim. The time for filing an amended complaint has passed. As such, his conversion claim remains dismissed.

### D. Rodrigue Demard's Filing

Non-party Rodrigue Demard filed a document stating that he is representing himself in this matter. (Doc. No. 62). The Court can only guess that he intended to be an opt-in plaintiff, but there is no notice of his consent to join filed on the docket. As such, he is not currently an opt-in plaintiff, nor could he become one given this Court's ruling dismissing the opt-in plaintiffs from this litigation. Accordingly, the Clerk is directed to strike his filing.

## III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) All of the opt-in plaintiffs (Lifrants Charles, Franklin Joseph, Loumeste Fleurine, Rousseau Fleurinal, Murat Limage, Ronald Louissaint, Dieune Refuse, Roger St. Juste, and Kermez St. Louis.) are **DISMISSED WITHOUT PREJUDICE**. If they wish to assert an FLSA claim, they must file a lawsuit on their own behalf.

(2) Dieune Refuse's motion for a 30-day extension of time to obtain an attorney. (Doc. No. 58) is **DENIED**.

(3) Plaintiffs' Motion for Class Certification (Doc. No. 29) is **DENIED**.

(4) The Clerk is directed to **STRIKE** non-party Rodrigue Demard's filing (Doc. No. 62).

(5) The only remaining claims in this case are an FLSA claim and a FDUTPA claim

brought by Plaintiffs Estime Francois and Renette Ordeus, individually, proceeding *pro se*. If they are able to obtain new counsel, they can have counsel file a notice of appearance at any time.

**DONE AND ORDERED** at Tampa, Florida, this 1st day of October, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Named Plaintiffs:
    Estime Francois, 3735 Fairview Cove Lane, Apt 302, Tampa, FL 33619
    Renette Ordeus, 937 S. Kirkman Road, Apt. 176, Orlando, FL 32811
Opt-in Plaintiffs:
    Lifrants Charles, 4802 Sims Int'l, Unit D, Tampa, FL 33617
    Franklin Joseph, 7525 Dragonfly Loop, Gibsonton, FL 33534
    Loumeste Fleurine, 1112 Axlewood Circle, Brandon, FL 33511
    Rousseau Fleurinal, PO Box 8722, Tampa, FL 33674
    Murat Limage, 7725 Carriage Pt. Dr., Gibsonton, FL 33610
    Ronald Louissaint, 5598 Granada Blvd, Tampa, FL 33617
    Dieune Refuse, 12734 University Club Drive Unit 202, Tampa, FL 33612
    Roger St. Juste, PO BOX 9413, Tampa, FL 33674
    Kermez St. Louis, 4802 Sims Int'l, Tampa, FL 33617
Non-Party Rodrigue Demard, 3509 N. 10th Street, Tampa, FL 33605